### The American Tin-Plate Company *v.* Guy.

[No. 3,285. Filed November 27, 1900.]

APPEAL.—*Joint Assignment of Error.*—A joint assignment of error as to the sufficiency of a complaint is not available if either paragraph thereof is good. *p. 590.*

DAMAGES.— *Master and Servant.*— *Agreement to Furnish Medical Treatment.*—Where a corporation deducts a portion of its employe's wages for the purpose of employing a physician under an agreement to furnish and provide competent medical and surgical services to the employe and his family, the corporation is liable in damages to the employe for the death of his child caused ·by the negligent failure of the corporation to perform its part of the contract. *pp. 590, 591.*

VERDICT.—*Answers to Interrogatories.*—A general verdict is a finding that all the facts necessary to establish the cause of action are true, and in no case is the party in whose favor the verdict is returned required to establish any part of his case by answers to interrogatories. *p. 591.*

From the Madison Superior Court. *Affirmed.*

*B. R. Call* and *C. M. Greenlee,* for appellant.

*H. C. Austill, H. F. Wilkie, C. K. Bagot, Thomas Bagot* and *Alfred Ellison,* for appellee.

HENLEY, C. J.—This action was commenced by one of the appellant's employes. Appellant is a corporation employing a large number of men, and is engaged in the manufacture of tin-plate at Elwood, Indiana. By the terms of the contract under which appellee was employed, it was agreed that $1 per month should be deducted from the wages paid appellee, for which sum appellant agreed to furnish and provide competent medical and surgical services to the appellee and his family, doing and performing such services and treatment as the occasion for it might arise during the life of the contract, which was to be continued in force as long as appellee remained a servant of the appellant. Appellant to comply with its part of the contract and for the purpose of furnishing the medical and surgical treatment in said contract provided for kept in its regular employ a physician and surgeon who was authorized to employ necessary assistants and to do the work for appellant's employes whenever such work became necessary. Appellee was a married man with a wife and child, the child being a little more than four years old. The child was injured by a burn or scald on the leg. The burn was about two by four and one-half inches in size. Appellee requested appellant and its regularly appointed physician and surgeon to give to his said child the medical treatment which its injury needed, and to which he and the child were entitled by reason of the contract with the appellant. That said physician and surgeon although immediately notified did not visit said child for more than twenty-six hours after being notified, and failed and refused to give said child the attention which its injuries required, and negligently and carelessly treated said child. Appellant failed and refused to comply with its part of the contract and did not furnish and provide for appellee's child such services or treatment as it

should have had, nor did appellant require of its physicians and surgeons that they visit said child and give it the necessary treatment and attention. Appellee relied upon his contract with the appellant and upon the promises of appellant's physicians and surgeons, and he was unable to procure treatment by other physicians and surgeons, and, by reason of the carelessness and negligence of the appellant in this regard, the child died.

There were two paragraphs of the complaint. Demurrers for want of sufficient facts were overruled to each paragraph. Appellant answered by general denial. The cause was submitted to a jury for trial and a verdict returned in the sum of $141.50. With the general verdict the jury returned answers to interrogatories submitted by appellant. The court rendered judgment in favor of appellee for the amount of the verdict, and overruled appellant's motion for judgment upon the facts found by way of answers to interrogatories. The assignment of errors presents two questions to this court: (1) That the complaint was insufficient to withstand a demurrer for want of facts, and (2) that the court erred in overruling appellant's motion for judgment on the facts found by the answers to interrogatories.

The assignment which goes to the sufficiency of the complaint is a joint assignment, and it follows that if either paragraph of the complaint is good, the assault must fail. *Gilmore* v. *Ward,* 22 Ind. App. 106. We have heretofore stated the facts upon which appellee bases his cause of action. Each paragraph of the complaint avers that appellee was free from contributory negligence, and that the death of his said child resulted wholly from the negligence of appellant and its physicians and surgeons. We think that the Supreme Court of this State in the case of *Wabash R. Co.* v. *Kelley,* 153 Ind. 119, decided every question raised by appellant which in any manner affects the sufficiency of the complaint in this case. Appellee had the right to rely upon his contract, and if he was injured by the negligent

failure of appellant to perform its part of the contract, then appellant must be responsible in damages.

In *Wabash R. Co.* v. *Kelley, supra,* it is held that a railway company is liable to an employe for malpractice of its hospital surgeon when the company has deducted a part of its employe's wages for the maintenance of such hospital. In *Pittsburgh, etc., R. Co.* v. *Sullivan,* 141 Ind. 83, 27 L. R. A. 840, it is held that a corporation is liable for the acts of its agents performed while engaged in the discharge of duties within the general scope of the agency, although the particular act was wilful and not directly authorized, and although in doing such act the agent failed in his duty to his principal and disobeyed the instructions given him. The facts presented by the complaint are much stronger in the case at bar than those presented by the evidence in the case of *Wabash R. Co.* v. *Kelly, supra.* The averments of the complaint are direct and sufficient as to the negligence of appellant and equally so is the averment that appellee in nowise contributed to the injury received by him in the death of his little child.

The next question presented arises upon the ruling of the court in overruling appellant's motion for judgment upon the facts specially found. Facts found by way of answers to interrogatories are not used to establish or support a material averment of a pleading presented by a party in whose favor a general verdict has been returned. A general verdict is a finding that all the facts necessary to establish the cause of action are true. The facts found specially may tend to support the general verdict, they may be contradictory and thus destroy their effect altogether, or they may clearly show that the prevailing party has failed to establish, by the evidence, some fact material to the cause of action. In no case is the party in whose favor a general verdict has been returned required to establish any part of his case by answers to interrogatories. The general verdict performs this duty for him.

In this case, when we consider only those facts which the jury had a right to find by answers to proper interrogatories, we find nothing in irreconcilable conflict with the general verdict. No part of appellee's cause of action, as stated in his complaint, is overthrown.

We find no error.