CASE 80—ACTION FOR DAMAGES AGAINST ILLINOIS CENTRAL R. R. CO. FOR REFUSING TO ADMIT PLAINTIFF TO A HOSPITAL.—FEB. 12.

# Illinois Central R. R. Co. v. Gheen.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

RAILROADS—HOSPITAL MAINTAINED BY CONTRIBUTION OF EMPLOYES— LIABILITY FOR REFUSAL TO GIVE CERTIFICATE OF ADMISSION—MEASURE OF DAMAGES.

Held:   1. Where each employe of a railroad company on a certain division employed as much as four days in a month was required by the company to contribute to the maintenance and support of a hospital, the sum assessed against him according to his wages being withheld by the company's paymaster out of his wages and turned into the hospital fund, which was held by the company's treasurer, and the employes making the payments had no voice in the management or control of the hospital except that superior employes gave to subordinates certificates of admission when they were sick or injured, plaintiff, an employe who was injured after being employed more than four days, was entitled to admission to the hospital, and for

injury resulting from the refusal of his foreman to give him a certificate entitling him to transportation and entrance to the hospital the company is liable.

2. If plaintiff was entitled to admission to the hospital, he was entitled to the skilled surgical treatment and accommodations he would have received there, and also to board and transportation, and if the company refused to furnish these things it is liable for the cost thereof.

3. Where plaintiff, instead of employing medical attention, contented himself to accept the services of the local surgeon of the company, the company is not liable for any aggravation of his injury by the failure of that surgeon to give him proper and necessary treatment, as he should have procured such treatment elsewhere; it being his duty to do all that he could to keep down the damage.

QUIGLEY & QUIGLEY, ATTORNEYS FOR APPELLANT.

In September, 1898, appellee bruised his hand while in the employ of appellant driving steel, and he claims that by reason of the delay of appellant in refusing to admit him into the employes' hospital at Paducah, his hand had gotten in such condition that it became necessary to have three of his fingers amputated. On the trial of the case a verdict was rendered for the appellee for $1,000 damages, for the reversal of which this appeal is prosecuted.

Appellant denied that it ever had charge of, controlled, managed or operated a hospital in Paducah, but admitted there was a hospital known as employes railroad hospital, supported and maintained by voluntary subscriptions of the employes of the railroad company on the Louisville & Memphis branch of its road.

The facts of the case are as follows: Appellee's left hand was bruised while at work driving steel and became badly swollen and painful in a few hours thereafter; instead of stopping work he continued to labor for seven or eight days, continuously, his hand all the time growing worse, and then upon advice of the section foreman went to see Dr. Driskell, who was local surgeon of the hospital association at Grand Rivers. He was treated by Dr. Driskell in a competent manner but was advised by him to go to the employes' hospital at Paducah, but appellee said he preferred to be treated at home. Finally, finding the injury was not yielding to the treatment he concluded to go to the hospital at Paducah, and shortly after his admission Dr. Murrell the surgeon in charge concluded it was best to amputate three of the fingers to save his hand, and did so.

Illinois Central R. R. Co. v. Gheen.

This hospital is kept up entirely by a per centum paid by the employes on the Memphis branch of appellant's road, out of their wages. Not a dollar paid into the treasury is for appellant's benefit. No person is entitled to receive treatment therein, other than an employe who contributes out of his earnings to its maintenance, and this treatment to them is free, and they are entitled to go to the hospital free of charge if they desire to do so—but neither the section foreman of appellant nor Dr. Driskell, the local surgeon of the hospital association, had any right or authority delegated to them, or either of them, by appellant to grant or refuse admission of appellee to the hospital.

1. We claim that it was error of the court in overruling appellant's plea to the jurisdiction of the Livingston circuit court over its person or this cause of action.

2. That it was error in the court to overrule appellant's demurrer to appellee's petition.

3. It was error to permit Dr. Murrell or Dr. Driskell or the section foreman, Wilson, to testify as to anything that occurred between them and appellee, relative to his admission or nonadmission to the hospital, because, while acting in that capacity they were not acting as servants of appellant.

4. It was error to admit the statement of Dr. Murrell to appellee when he came to the hospital that "if you had come earlier I might have saved your hand," as none of the statements of Dr. Murrell, Dr. Driskell or the section foreman are a part of the *res gestae.*

5. It was error of the court in refusing to give instructions "A," "B" and "C" asked by appellant.

### AUTHORITIES CITED.

*Res gestae:* 18 R., 259; Am. & Eng. Ency. of Law (vol. 29) 793; 1 Greenleaf on Evidence, secs. 113, 462; 82 Ky., 164 89 Ky., 311; 80 Ky., 403; 98 Am. Dec., sec. 307; 15 B. Mon., 641. Incompetency of Physician: 20 R., 646.

J. W. BUSH, C. C. GRASSHAM AND MOLLOY & UTLEY, FOR APPELLEE.

Appellee was injured in Livingston county; was denied admittance, in said county, to the hospital at Paducah, and appellee resided in said county; appellant is a common carrier and passes through said county.

Appellant is seeking to avoid liability on the ground that it does not own or control the railroad hospital at Paducah, kept for the benefit of the employes.

According to rule 3, of the by-laws of what is called the Illinois Central Railroad Hospital Association, the assistant general, superintendent of appellant, its assistant chief surgeon, its superintendent of Louisville division, its superintendent of Memphis division, its road master of ten and thirteen divisions, and its master mechanic of Paducah shops, are to have a continuous term of service as directors of this hospital. According to rule 8, the chief surgeon of appellant has the appointing power of the person to have charge of the entire medical and surgical department of the hospital. According to rule 7, the hospital is to be supported by a levy of a monthly assessment upon the employes of the Louisville & Memphis divisions of the I. C. R. R., of ten per cent. of the salary earned. The appellant's treasurer; and its disbursing auditor, according to rules 9 and 10 handles this fund with the other moneys of appellant.

There is but one way for an employe to secure admission to said hospital, and that is according to rule 14, by procuring from his foreman or surgeon, a certificate, showing that he is entitled to the benefits of the hospital, and the time, place and circumstances of his disability. He must apply to the nearest surgeon in the company's employ where he will receive treatment, or be sent to the hospital as he may see fit.

After appellee was injured he continued to work for several days, but his hand growing worse, he applied to Dr. Driskell, local surgeon, who advised him to go to the hospital. He made every effort to procure a certificate from section foreman, Wilson, but was refused because he, Wilson thought the rules of the company prohibited it unless his name appeared on the pay roll for the previous month, and as appellee was injured the first day he began work his name was not on the previous month's pay roll.

The rules of the company show that where a man has labored for any length of time and is injured he is entitled to immediate admission upon the certificate of the foreman, but not otherwise. We submit that the instructions of the court were simple and liberal, and that under the evidence the verdict for the loss of three fingers from appellee's hand is meager compensation for the pain and suffering he endured, brought upon him by the wilful negligence of appellant's servants, and should be affirmed.

### AUTHORITIES.

16 R., 751; Sedgwick on Damages, vol. 1, sec. 380; 22 R., 54.

Illinois Central R. R. Co. v. Gheen.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

The appellee brought this action for damages for refusal to admit him into the hospital at Paducah after he had received an injury to his hand, and, as is alleged, he was deprived of prompt and proper medical treatment, and by reason of the failure to have such proper treatment amputation of three fingers of his hand became necessary. It is alleged that the hospital at Paducah is kept by appellant, under its supervision and control, and the cost of maintenance thereof is deducted from the wages of the railroad employes according to a fixed scale, each employe contributing by the deduction and withholding of such part of the wages due him. Appellant, by answer, denied that it conducted or controlled the hospital, but alleged that it was a voluntary association, composed of the railroad employes of the division from Louisville to Memphis, and that the appellant company only acted in a friendly way toward the institution, and rendered friendly and gratuitous services to it and the employes, in collecting and disbursing the funds necessary to maintain the hospital, and, further, that the appellant furnished transportation to the hospital for any employe entitled to treatment therein. Appellant denied all responsibility for the hospital management or liabilities. Further answering, the appellant denied that appellee was entitled to admission to the hospital, or that he was injured or damaged by reason of not being admitted to the hospital earlier than he was. It appears that appellee was finally admitted and treated, and it was in the hospital that his fingers were amputated. There is no claim of liability of appellant by reason of the injury originally. That is expressly disclaimed in the petition. The claim is for increased injury by reason of not being admitted to the hos-

'pital for treatment in time to prevent the loss of the fingers and the suffering occasioned thereby.

Upon the issues presented the case was tried, and a verdict and judgment resulted in favor of appellee for $1,000. The case is here upon appeal from that judgment. The reasons and motion for new trial assign as error the action of the court in sustaining a demurrer to the plea to the jurisdiction of the Livingston circuit court, error in instructions given, and that the amount of the judgment is excessive.

The plea to the jurisdiction presents the fact that at the time the suit was brought appellant had a chief officer and agent residing in this State in Jefferson county, to-wit, a division superintendent. It appears from the petition that appellee was employed and injured in Livingston county, and was refused a certificate entitling him to admission into the hospital by his foreman in Livingston county. The line of railroad runs through Livingston county. The hospital is in McCracken county. In our opinion, the Livingston circuit court held jurisdiction of the action. If wrong was done appellee at all, it was in Livingston county. His cause of action, if he had any, accrued wholly in that county.

The court on the trial gave three instructions, as follows:

"(1) The court says to the jury that if they believe from the evidence that plaintiff was employed and labored for the defendant, and while thus engaged he received an injury to his hand, then he has the right to admission at once into said hospital for treatment; and if the jury further believe from the evidence that defendant, by its officers and agents governing said hospital, and that plaintiff was refused a certificate of admission to said hospital, and if plaintiff suffered any additional pain or injury by reason thereof, then

the law is for the plaintiff, and the jury will so find for him as in instruction No. 3.

"(2) If the jury believe from the evidence that said hospital was governed and controlled by the laborers of the defendant and not by the officers of defendant, or that plaintiff was not injured or damaged by reason of defendant's agent in refusing him admission to said hospital, then, in either case, the jury will find for defendant.

"(3) The court says to the jury if, under the evidence and instructions, they find for plaintiff, they will find only such damages as will compensate him for any additional pain and suffering endured by him, if any, from the time he made application for admission and the time he was admitted into said hospital; that is, the excess of pain and suffering, if any, that he endured over that which he would have endured if he had been treated in the hospital, and for the loss of his fingers and power to earn money, and mental and physical suffering by reason thereof, provided the jury believe from the evidence that his fingers could and would have been saved if he had been permitted to enter said hospital when he first applied for admission; but in no event can the jury allow him more than two thousand dollars, the amount claimed in his petition."

There were objections and exceptions to each of these instructions by appellant. It is earnestly insisted that these instructions are prejudicial to appellant, and are not correct statements of the law applicable to the case. The testimony as to the formation, conduct, and management of the hospital presents no material disagreement as to the facts. These appear to be that each employe on the Louisville & Memphis division, who is employed as much as four days in a month, contributes to the maintenance and support of the hospital. The sum payable is fixed by a scale,

according to wages earned per month, and the amount pay-
able is withheld by the paymaster of appellant out of the
wages due the employe and turned into the hospital fund,
which is held by the treasurer of appellant. The hospital
association is not incorporated, nor, on the other hand,
is it purely voluntary. If the fact that an employe has
no option about paying out of his earnings the fixed assess-
ment for the support of the hospital could be termed a vol-
untary payment, then the hospital association might be
termed a voluntary association. It has a board of directors,
but these are such, save two, by reason of their official posi-
tion with appellant's road. The two exceptions are a conduct-
or and engineer, who are selected by the other members. The
surgeon in charge is practically appointed by the chief sur-
geon of appellant. The men who contribute the monthly as-
sessment to pay the hospital expenses have in fact no voice in
the management or control of the hospital, save and except
that of giving certificates of admission thereto to subordi-
ate employes when sick or injured. Employes of the class
of appellee have no rights or powers in regard to the hos-
pital, save that of paying the monthly assessments, which
in fact they never see, and the right of treatment in case of
injury or sickness. As to the ownership of the hospital
grounds and buildings and equipment, there is no proof.
We are of opinion that these facts, proven without serious,
if any, contradiction, would have authorized the court to
instruct the jury peremptorily that, if appellee had been
engaged more than four days, he was entitled to admission
into the hospital, and if he was refused permission to en-
ter, or certificate entitling him to transportation and en-
trance to the hospital, and was injured by such refusal, he
was entitled to recover. It is clear that if appellant cor-
poration ceased to exist, or should attempt to withdraw

from the hospital, the hospital would cease to be of any service. The appellant is the very life of the hospital association. Its funds, management, control, and service are all furnished by appellant. In fact, the hospital association is the Illinois Central Railroad. In this view, instructions 1 and 2, given, are more favorable to appellant than it was entitled to have.

However, we are of opinion that instruction No. 3, as to the measure of damage or criterion of recovery, is error. The general and universal rule of law in regard to damages is that every person must do all that can reasonably be done to render the damage for any act or omission as light as possible. Under this rule, the appellee, when he was refused admission to the hospital, if such be the case, was bound to do all that he could to keep the consequent injury and damage as light as possible. To do so, he should have employed medical and surgical attention to cure his hand, or, at least, to arrest other or further injury. For such services and attention, or the cost thereof, the appellant, if liable at all, would be required to pay. This is the reasonable requirement of the law. That course would be expected of any person, that he would use all means to prevent further injury to himself. By the proof herein appellee failed to do this, but contented himself to accept the services and treatment of the local surgeon of appellant, who seems to have pursued the same treatment given at the hospital. If that surgeon was unable for any reason to give appellee proper and necessary treatment to his wounds, it was the duty of appellee to procure elsewhere such attention. If he failed to do so, he can not charge appellant with the consequent loss, suffering or injury he received by his own failure to procure medical and surgical attention. But he can recover the reasonable cost of such medical and surgical attention that would have equaled the medical and

surgical attention he would have received at the hospital if he had been admitted. Appellee was entitled, if at all, to the skilled surgical attention he would have received at the hospital of appellant, including board, transportation, and such accommodations and charges that the hospital would furnish its patients. If appellant refused to furnish such, and was bound to do so, the appellee could and should have sought such attention elsewhere, and for the reasonable cost thereof appellant would be liable. The science of medicine and surgery has not so far advanced that it could be said as a certain fact that if appellee had been admitted into the hospital, and had received the very best attention there to be had, he would not have suffered pain and mental anxiety, and that surely he would not have lost his fingers. By the establishment of the hospital, the appellant did not assume or undertake to cure disease, or in all cases relieve from injuries. The undertaking was to furnish medical and surgical attention, and to nurse and care for the patient who is admitted therein. If appellant be liable under the proof, its liability is for failure to furnish these things, and the damage for such failure is the reasonable cost at which such care and attention, board and medical and surgical skill could have been obtained, as well as cost of transportation to the nearest suitable place where such attention could be had.

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial, and for further proceedings consistent herewith. Whole court sitting.

Petition for rehearing overruled, 24 R., 68.

June 13, 1902.

Response to petition for rehearing by Judge White:

Counsel for appellee has, by petition for rehearing, called our attention to certain expressions in the opinion as to

Illinois Central R. R. Co. v. Gheen.

the proper measure of damage, and the duty of appellee when he was refused admittance into the hospital. The language used by us is probably not as clear as it should be, and may be open to criticism. In order to make plain our meaning in that regard, we respond to his petition, and modify or explain the opinion rendered herein as follows:

When appellee was refused admission into appellant's hospital, it then became his duty to use the care and precaution that an ordinarily careful person would use, when similarly situated, to prevent further injury or damage to his hand. He is not bound to use the utmost care that any person might use, as counsel seems to think we held. He is bound to do all that a person of ordinary care and prudence would do to protect himself from injury when similarly situated. If appellee did this, and yet he suffered loss and injury, appellant would be liable to him for the reasonable cost of the service and attention he would have received at the hospital. This treatment he was entitled to receive, and appellant liable to render; and the cost of such service should be paid appellee for the time he was not admitted to the hospital, whether he in fact obtained treatment elsewhere or not, if he used ordinary care of himself while not admitted into the hospital. Appellant did not undertake to cure all wounds, and is not an insurer of the persons of its employes, in life or limb; but it did agree to furnish medical care and attention, nursing and board, to its sick. This liability it must make good, by payment of the reasonable cost of such service for such time as the same was not furnished.

With this modification or explanation of the opinion heretofore rendered, the petition is overruled.