# Thomas *v.* Tennessee Coal, Iron & R. R. Co.

*Damage for Injury to Servant.*

(Decided June 29, 1912. 59 South. 627.)

*Master and Servant; Medical Service; Duty of Employer.*— Where the contract between a company and its employees for medical services did not specify anything as to a restricted district in which service was furnished, the company was liable for injuries to such servant, arising from its failure to respond with such services, even though the employee lived outside of limits fixed.

(Simpson, Anderson and Mayfield, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by J. W. Thomas, Jr., against the Tennessee Coal, Iron & Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Count 5 is as follows: "Plaintiff claims of the defendant the sum of $1,999 as damages, for that heretofore, to wit, on the 14th day of January, 1911, defendant was engaged in the construction of a, number of coke ovens at its Corey, Alabama, plant, which is known as the 'By-Products Plant'; that at said time and place plaintiff was in the employ of the defendant as a bricklayer. Plaintiff avers that while so employed defendant agreed with plaintiff, for and in consid-

eration of the sum of $1, to be due and payable each
and every month during said employment, to furnish
plaintiff and his family with all necessary medical at-
tention at any and all times when plaintiff, or any mem-
ber of plaintiff's family, was sick, without any addi-
tional charge or expense to plaintiff whatsoever; said
sum of $1 to be deducted each month from the wages
of plaintiff by the defendant.   Plaintiff avers that in
accordance with this agreement defendant regularly
every month, while plaintiff was in the employ of the
defendant, deducted said sum of $1 each and every
month from plaintiff's wages for the purposes afore-
said; and plaintiff avers that at the time of the griev-
ances hereinafter complained of plaintiff had fully com-
plied with his part of said agreement, and was not in
arrears with said monthly payments of $1, either in
whole or in part.   Plaintiff avers that heretofore, to
wit, on the 14th day of January, 1911, while in the
employ of the defendant, plaintiff became sick and ill
with severe cramps and pain in his abdomen, and there-
fore plaintiff immediately requested medical attention
from the defendant by notifying Dr. Rountree, who was
at that time defendant's agent, and acting within the
scope of his agency, of plaintiff's ill condition; but de-
fendant, through its agent, said Rountree, while said
Rountree was acting within the scope of his agency, de-
clined to respond to plaintiff's request for medical at-
tention, and refused and wholly failed to render any
medical attention to plaintiff whatsoever; and as prox-
imate consequence of the failure of the defendant, its
agents and servants aforesaid, to keep and perform its
part of said agreement, as aforesaid, plaintiff was com-
pelled to secure medical attention elsewhere, and was
compelled to undergo an operation in order to secure
relief from his said illness, and was put to a great

inconvenience and expense to secure medical attention, and plaintiff suffered great physical pain, and was greatly damaged thereby; hence this suit."

WILLARD DRAKE, for appellant. The court erred in giving the affirmative charge on behalf of defendant as to counts 5 and 6 of the complaint.—*McClung v. Spottswood,* 19 Ala. 165; *Parker v. Bond,* 25 South. 898; *L. & N. v. Lancaster,* 25 South. 773; *Moody v. R. R. Co.,* 99 Ala. 553; *S. & N. R. R. Co. v. Henline,* 52 Ala. 606; *Anderson v. Birmingham Mineral,* 19 South. 519; *Bir. Min. v. T. C. I. & R. R. Co.,* 28 South. 681.

PERCY, BENNERS & BURR, for appellee. Counsel discuss the errors assigned, but without citation of authority.

SOMERVILLE, J.—According to plaintiff's testimony, which does not seem to be in any way contradicted, defendant's agent, Calloway, assured plaintiff, when he entered defendant's service, that for the payment of $1 a month, "in case that you or any of your family gets sick, why, the company doctors will give you service." It is not disputed that defendant had in its employ at that time, and at the time plaintiff became ill and required medical service, a practicing physician, Dr. W. S. Rountree, charged with the duty of giving needed medical service to its employees at its by-product plant at Wylam, where plaintiff was employed. It is true that Dr. Rountree's contract with defendant was to serve employees and their families *at their homes* only within a restricted territory, and that plaintiff's residence, where he was taken sick, and where Dr. Rountree was called upon to visit him, lay a mile or more outside of that territory. But it does not

appear that plaintiff was informed of this restriction; and it is not denied that defendant deducted the stipulated fee of $1 a month from plaintiff's wages as consideration for the medical service promised to him and his family.

It results that, while *Dr. Rountree* was not obligated to either plaintiff or defendant to render the service requested in this particular case, *defendant* was none the less obligated to plaintiff *to have Dr. Rountree do so,* at least the contract between them was fairly open to that interpretation by the jury, and fairly open to the interpretation, also, that in case of need the company's physician should be summoned by a call made immediately upon him, and not mediately through some other company official. For if the company's physician, provided for such an emergency as here arose, failed or refused to respond to plaintiff's call, plaintiff was certainly under no duty to wait and take the matter up with the company for negotiation and adjustment, and, perhaps, die the meanwhile of inattention and neglect, as it seems he would very likely have done.

So far as defendant's obligation to plaintiff is concerned, the limited service it required of its regular physician, the fact that that physician was under no duty to travel outside of a designated territory to serve plaintiff at his need, is wholly immaterial to the case, in the absence of notice to plaintiff of such a restriction when he was contracting and paying for a service not thus limited. It may, indeed, be reasonably presumed that for mere service at the plant or infirmary in case of injury he would not have chosen to pay the monthly fee; and, without informing plaintiff of the stated restriction, defendant had no right to take his money, and at the same time fail to provide for needed medical service to him at the hands of its regular physician.

[Walker v. Woodward Iron Co.]

This is the breach averred in the fifth count of the complaint, and there was evidence before the jury to support it. The breach charged is a breach by the defendant, not by Dr. Rountree; and the physician's refusal to attend plaintiff was, in law, a failure by defendant to discharge its duty to plaintiff, viz., to arrange with its regular physician to attend him in sickness, and to actually effect such attendance by that antecedent provision.

The trial court erred, therefore, in instructing the jury to find for defendant, and the judgment must be reversed therefor.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur. SIMPSON, ANDERSON, and MAYFIELD, JJ., dissent.

### Damage for Injury to Servant.

