GULF, C. & S. F. RY. CO. v. GOODMAN.
(No. 5703.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1916.)

1. APPEAL AND ERROR ☞1091(2)—PRESUMPTION—ALLEGATIONS OF PETITION—RULINGS.
Where plaintiff's pleadings in a justice court were oral and there were no memoranda thereof in the record from the county court, the allegations in his petition will be presumed by the Court of Civil Appeals to have been consistent with the rulings of the trial judge.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4387, 4388; Dec. Dig. ☞ 1091(2).]

2. JUDGMENT ☞250—CONFORMITY TO PETITION—CAUSE OF ACTION.
A plaintiff must allege a cause of action against a defendant in order to recover thereon.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. ☞250.]

3. APPEAL AND ERROR ☞1091(2)—PRESUMPTION—PLEADING TO SUPPORT JUDGMENT.
The Court of Civil Appeal must presume other oral pleadings, on appeal from justice on behalf of the plaintiff not inferable from the statement thereof in the charge necessary to sustain the county court's judgment, consistent with the charge, but cannot presume allegations contradictory to the statement thereof in the written charge.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4387, 4388; Dec. Dig. ☞ 1091(2).]

4. MASTER AND SERVANT ☞77 — HOSPITAL FEE—ACTION BY BREACH—PLEADING.
Plaintiff's allegations that defendant railroad, with his consent retained out of his salary $1 each month for hospital fees and impliedly promised, in consideration thereof, to furnish without further charge services in its hospital with medical and surgical treatment if plaintiff became ill, and that defendant breached its implied obligation by refusing to admit him to its hospital or to furnish him with medical treat-

ment, etc., and thereby compelled him to pay a certain reasonable amount for such services, stated a cause of action to recover the reasonable amount which plaintiff had been obliged to pay for medical treatment, etc.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 105, 106; Dec. Dig. ☞ 77.]

5. MASTER AND SERVANT ☞77 — HOSPITAL SERVICES—ACTION BY BREACH—EVIDENCE.
In such action evidence held not to sustain the cause of action pleaded.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 105, 106; Dec. Dig. ☞ 77.]

6. CORPORATIONS ☞484(2)—HOSPITAL SERVICES—RIGHT TO CONTRACT.
A transportation corporation cannot contract as an insurance company to indemnify an employé for the amount spent by him for hospital accommodations, medical treatment, etc., because the statute expressly authorizes insurance corporations.
[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. ☞484(2).]

Appeal from Austin County Court; C. G. Krueger, Judge.

Action by C. T. Goodman against the Gulf, Colorado & Santa Fé Railway Company. From a judgment of the county court, on appeal from justice's court, for plaintiff, defendant appeals. Reversed, and judgment rendered for defendant.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellant. Duncan & Duncan, of Bellville, for appellee.

SWEARINGEN, J. [1] This cause was won in the justice's court by appellee, Goodman, and reached this court by appeal from the county court, where it was submitted to a jury upon a written general charge. Appellee's pleadings were oral, and no memoranda thereof is contained in the record before us. Under such circumstances, the allegations in appellee's petition will be presumed by this court to have been consistent with the rulings of the trial judge. Maass v. Solinsky, 67 Tex. 290, 3 S. W. 289; Railway v. Shipman, 1 Tex. Civ. App. 407, 20 S. W. 952; Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591; Patty v. Gibson, 23 S. W. 392.

[2] It is, of course, elemental that plaintiff must allege a cause of action against defendant in order to recover thereon. Merchants' & Bankers' Fire Underwriters v. Williams, 181 S. W. 860, 861; Holman v. Criswell, 13 Tex. 38; Kelly v. Webb, 27 Tex. 368.

[3, 4] Looking to the written general charge given the jury by the county judge, we find the cause of action of plaintiff stated in the following language:
"In this cause the plaintiff, C. T. Goodman, sues the Gulf, Colorado & Santa Fé Railway Company, defendant, for the sum of $140 alleged to have been expended by him for hospital fees, medical attention, and drugs. Plaintiff alleges that on the 5th day of October, 1913, and for some time prior thereto, he was an employé of

the defendant, and that during the time he was in the services of the defendant, it retained at the end of each month out of his monthly salary the sum of $1 for hospital fees, and that by reason thereof he was entitled to hospital services, medical attention, and drugs, in case of illness, without further charge. Plaintiff alleges that on the 5th day of October, 1913, he was severely burned about the hands and face in the basement of a building in the city of Houston, Tex."

The only legal and reasonable construction that can be given to this charge is that plaintiff alleged the fact that the railroad company with his consent retained out of plaintiff's salary $1 each month for hospital fees, and further alleged that the defendant railway company impliedly promised, in consideration of the monthly hospital fee, to furnish appellee, without further charge, with hospital services, medical attention, and drugs in case of the illness of appellee. It may be inferred from the issues presented in the charge that as plaintiff paid a dollar a month to the railroad company for hospital fees, plaintiff would be admitted into the railroad company's hospital. It may further be inferred that if entitled to admission in the railroad company's hospital, plaintiff was entitled to the surgical treatment and accommodations he would have received there from the railroad company's agents. The Kenilworth, 4 L. R. A. (N. S.) 56, note, citing Ill. C. Ry. Co. v. Gheen, 112 Ky. 695, 66 S. W. 639, 68 S. W. 1087; Scanlon v. Railway Co., 86 S. W. 930. From the court's charge it may further be presumed that plaintiff alleged that he became ill, and, further, that plaintiff prayed for judgment for $140, alleged by him to have been paid by plaintiff for hospital charges, medical attention, and drugs to some one other than the defendant railroad company.

This is all of plaintiff's pleading that can be inferred from the statement thereof in the charge. This court must presume all other pleadings on behalf of plaintiff necessary to sustain the court's judgment, if consistent with the charge, but cannot presume any allegations contradictory to the statement thereof in the written charge. We can then presume that plaintiff alleged that the defendant breached its implied obligation by refusing to admit plaintiff to its hospital and by refusing to furnish him the surgical treatment and accommodations and drugs he was entitled to receive, and that plaintiff thereby was compelled to expend $140 for these services, which amount was reasonable. Unless we are permitted to presume the allegation of a breach, plaintiff stated no cause of action. M. & B. Fire Underwriters, 181 S. W. 861, 862. We are permitted to presume these allegations were made in the oral petition.

[5] Such being the presumed cause of action made by the plaintiff's petition, was it sustained by the evidence? Appellant by its third, fourth, and twelfth assignments, urges that the judgment is contrary to the evidence, and the trial court erred in refusing a peremptory instruction for appellant, and erred in refusing to set aside the judgment and grant appellant a new trial. The evidence shows that appellee, plaintiff, believed appellant maintained a hospital. That appellee did not seek admission to appellant's hospital. That appellant had no notice of appellee's injury until after appellee's recovery. That appellant never refused to admit appellee to the hospital, and never refused the surgical treatment and drugs for which appellee paid the hospital fee. This proof was furnished by the appellee himself and was uncontradicted. We are therefore constrained to hold that the evidence wholly failed to sustain the cause of action pleaded. In the brief for appellee it is contended that appellant was bound by the implied contract as an insurer, and was bound to indemnify plaintiff for the amount expended by him for hospital accommodation, surgical treatment, and drugs. We are not at liberty to presume that such a cause of action was pleaded, for it contradicts the statement of the cause of action made by the trial court in its charge.

[6] Furthermore, a transportation corporation cannot contract as an insurance company, because the statute expressly authorizes insurance corporations. McCaleb v. Boerne Elec. Power & Mfg. Co., 173 S. W. 1191.

As we must sustain appellant's third, fourth, and twelfth assignments of error, and that ruling disposes of the case, we do not feel it necessary to discuss the other assignments, most of which are without merit in view of the verdict of the jury.

Illustrations by analogy usually cloud not clear, but perhaps the following may be an exception: When a guest registers at an American plan hotel, the act of registering creates the implied contract which binds the guest to pay a current rate and binds the hotel to furnish the guest with the hotel's accommodations. If the guest is without baggage the rate may be demanded and paid in advance. Should the guest take his meal at a restaurant not controlled by the hotel and pay for the meal, the guest could not require the hotel to refund him the price paid for the restaurant meal. But if the hotel refused to furnish the meal after receiving payment, the guest probably would be entitled to recover because of the breach of the implied contract.

The judgment of the trial court is reversed, and judgment here rendered for appellant.