(104 So. 841)

## SLOSS-SHEFFIELD STEEL & IRON CO. v. MAXWELL. (6 Div. 362.)

(Court of Appeals of Alabama. March 17, 1925. Rehearing Denied April 21, 1925.)

1. **Master and servant** ⬥⟹77—**Employer liable for breach of contract to furnish medical attention.**

Employer who makes valid contract with employee to furnish medical attention for sickness or injury is liable in damages for failure to do so.

2. **Master and servant** ⬥⟹77—**Contract for medical attention held to imply continuance of benefits during sickness.**

Contract by which employer agreed to furnish employee medical attention for sickness or injury by deducting $1 a month from employee's wages held to imply a continuance of benefits while employee was sick.

---

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Master and servant ☞77—Employee had until end of month to make payment under contract for medical services.**

Under contract by which employer agreed to furnish employee medical attention by deducting $1 a month from employee's wages, employee had until end of month within which to make payment required, where installment for preceding month had been paid and there was no suggestion that he had been discharged from his employment.

On Application for Rehearing.

**4. Master and servant ☞77—Employee held entitled to medical attention under contract, irrespective of employer's benefit from money collected.**

Under contract by which employer agreed to furnish employee medical services by deducting $1 a month from his wages, employee, having paid sum required, was entitled to medical attention provided by contract, irrespective of what employer did with the money, and notwithstanding employer received no benefit therefrom.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for breach of contract by J. W. Maxwell against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Sloss-Sheffield Steel & Iron Company, 104 So. 843.

Defendant excepted to this part of the court's oral charge:

"This would imply and mean, in the absence of an understanding to the contrary, the continuance of the benefits while the sickness or injury required same."

Bradley, Baldwin, All & White, and T. A. McFarland, all of Birmingham, for appellant.

Where the company (an industrial concern) collects a sum monthly from employés for the services of a physician, no part of such collection being retained by the company, it is not liable to an employé for the negligence of such physician, but its duty is performed when it uses reasonable care in employment of a competent physician. Youngstown Park, etc., v. Kessler, 84 Ohio St. 74, 95 N. E. 509, 36 L. R. A. (N. S.) 50, Ann. Cas. 1912B, 933; Parsons v. Yolande C. & C. Co., 206 Ala. 642, 91 So. 493; Quinn v. K. C., M. & B., 94 Tenn. 713, 30 S. W. 1036, 28 L. R. A. 552, 45 Am. St. Rep. 767; A. C. L. v. Whitney, 62 Fla. 124, 56 So. 937; Union Pac. v. Artist, 60 F. 365, 9 C. C. A. 14, 23 L. R. A. 581; C., B. & Q. v. Howard, 45 Neb. 570, 63 N. W. 872; A., T. & S. F. v. Zeiler, 54 Kan. 340, 38 P. 282; Maine v. C., B. & Q., 109 Iowa, 260, 70 N. W. 630, 80 N. W. 315; Williams v. Union Pac., 20 Wyo. 392, 124 P. 505; Wells v. Ferry-Baker Lbr. Co., 57 Wash. 658, 107 P. 869, 29 L. R. A.

(N. S.) 426; Barden v. A. C. L., 152 N. C. 318, 67 S. E. 971, 49 L. R. A. (N. S.) 801; Sou. Fla. v. Price, 32 Fla. 46, 13 So. 638; L. & N. v. Foard, 104 Ky. 456, 47 S. W. 342; Haggerty v. St. L., K. & N., 100 Mo. App. 424, 74 S. W. 456; Pearl v. W. E. R. R. Co., 176 Mass. 177, 57 N. E. 339, 49 L. R. A. 826, 79 Am. St. Rep. 302; Sou. Pac. v. Mauldin, 19 Tex. Civ. App. 166, 46 S. W. 650; Tex. Cen. v. Zumwalt, 103 Tex. 603, 132 S. W. 113, 30 L. R. A. (N. S.) 1206; Laubheim v. N. S. Co., 107 N. Y. 228, 13 N. E. 781, 1 Am. St. Rep. 815; Engirbritson v. Tri-State Cedar Co., 91 Wash. 279, 157 P. 677; Simon v. Hamilton Logging Co., 76 Wash. 370, 136 P. 361; Allan v. S. S. Co., 132 N. Y. 91, 30 N. E. 482, 15 L. R. A. 166, 28 Am. St. Rep. 556; Congdon v. La. Saw Mill Co., 143 La. 209, 78 So. 470.

Black, Harris & Foster, of Birmingham, for appellee.

An employer is liable to his employee for damages resulting from a breach of contract to furnish medical attention to him while such employee. Thomas v. T. C., I. & R. Co., 178 Ala. 580, 59 So. 627; Sloss Co. v. Taylor, 16 Ala. App. 241, 77 So. 79; Scanlon v. Galveston R. R. (Tex. Civ. App.) 86 S. W. 930; Railway Co. v. Goodman (Tex. Civ. App.) 189 S. W. 326; Galveston v. Rubio (Tex. Civ. App.) 65 S. W. 1126; Morse v. Powers, 45 Vt. 300; Gulf v. Harney (Tex. Civ. App.) 54 S. W. 791; Harding v. Ostrander, 64 Wash. 224, 116 P. 635; Hunicke v. Meramec Quarry Co., 262 Mo. 560, 172 S. W. 43, L. R. A. 1915C, 789, Ann. Cas. 1915D, 493, and note 509; Railway Co. v. Hennegan, 33 Tex. Civ. App. 314, 76 S. W. 452; Jackson v. Milk Co., 61 Or. 158, 120 P. 1, 37 L. R. A. (N. S.) 757; So. Pac. Co. v. Mauldin, 19 Tex. Civ. App. 166, 46 S. W. 650; Kain v. Arizona Copper Co., 14 Ariz. 566, 133 P. 412; Am. Tin Plate v. Guy, 25 Ind. App. 588, 58 N. E. 738; Ill. Central v. Gheen, 112 Ky. 695, 66 S. W. 639, 68 S. W. 1087. Unless there is an understanding to the contrary, such duty continues while the sickness or injury requires same. Scanlon v. Galveston R. R. Co. (Tex. Civ. App.) 86 S. W. 930.

RICE, J. This is an action by the appellee (plaintiff in the court below) against the appellant (defendant in the court below) for damages for a breach of contract. There were two counts in the complaint, each averring that a contract was entered into between plaintiff and defendant by which, in consideration of the collection by defendant of $1 a month from plaintiff's wages, defendant agreed to furnish the plaintiff with medical attention if he became sick while in its employment. There was verdict and judgment in favor of the plaintiff.

Appellant's counsel in their rather comprehensive brief filed on this appeal seem to mis-

conceive the nature of the cause of action relied upon by the appellee. They cite, and appear to rely with some confidence upon, the case of Parsons v. Yolande Coal & Coke Co., 206 Ala. 642, 91 So. 493, the holding in which we do not think at all here applicable.

Neither count of the complaint in the instant case bases liability against the defendant on account of malpractice, negligence, or other wrongs of the doctor of the defendant. It is distinctly alleged in both counts of the complaint, and the evidence introduced by the plaintiff tends to show, that the plaintiff's cause of action as relied on was a contract alleged to be entered into between the plaintiff and the defendant whereby, for a valuable consideration paid to the defendant by way of a collection of $1 a month from plaintiff's wages, defendant agreed to furnish the plaintiff with medical attention if he became sick while employed by the defendant.

The evidence shows substantially that, after appellee began to work for appellant, some time about May, 1920, and perhaps before that time, he had been subject to occasional spells of rheumatism; that on or about September 1, 1920, he had a severe attack of rheumatism, and called the defendant's physician; that he was treated by the said physician up until about the latter part of April or the 1st of May, 1921. It was contended by the plaintiff, and he introduced evidence which had a tendency to show, that upon the occasion of his last treatment by the said physician at the time just next above mentioned he was told by the said physician to return (to the physician's office where the treatment was administered) in two or three weeks, but that he went back home and got to where he could not walk, and that he sent for the said physician, or sent word to him to come, more than once on or about May 23, 1921, and that as the result of the said physician's failing or refusing to furnish or administer to him further treatment during the said month of May, 1921, he suffered the injuries sued for.

The defendant contended that it was under no duty to furnish, through its said physician, any treatment to the plaintiff during the said month of May, 1921, by reason of the fact that the $1 per month which the plaintiff was due to pay under his contract had not been actually paid for the said month.

Appellant's first and second assignments of error challenge the correctness of the trial court's action in overruling its demurrers to counts one and two of the complaint. So far as we are able to see, there is no substantial variance between the allegations contained in each of the said counts and those contained in the count held valid by the Supreme Court in the case of Thomas v. Tenn.

Coal Iron & R. R. Company, 178 Ala. 580, 59 So. 627. We therefore hold that there was no error in overruling appellant's demurrers to the complaint, or to either count thereof.

[1] It seems to be generally recognized that, when an employer makes a valid contract with an employee to furnish medical attention in case of sickness or injury, and fails to do so, there is a liability on the part of the employer to the employee for the damages resulting from such failure. The principle has been fully recognized in at least two cases in our state; one a decision by our Supreme Court (Thomas v. T. C. I. & R. R. Co., supra), and the other decision by this court (Sloss-Sheffield Steel & Iron Co. v. Taylor, 16 Ala. App. 241, 77 So. 79), and the holding in each of the cases seems to be amply supported by authorities from other jurisdictions (Scanlon v. Galveston R. R. [Tex. Civ. App.] 86 S. W. 930; Railway Co. v. Goodman [Tex. Civ. App.] 189 S. W. 326; Galveston R. Co. v. Rubio [Tex. Civ. App.] 65 S. W. 1126; Morse v. Powers, 45 Vt. 300; Liliopoulus v. Oregon-Washington R. & Nav. Co., 87 Wash. 396, 151 P. 818; Gulf v. Harney [Tex. Civ. App.] 54 S. W. 791; Harding v. Ostrander, 64 Wash. 224, 116 P. 635; Hunicke v. Meramec Quarry Co., 262 Mo. 560, 172 S. W. 43, L. R. A. 1915C, 789, Ann. Cas. 1915D, note 509; Ry. Co. v. Hennegan, 33 Tex. Civ. App. 314, 76 S. W. 452; Jackson v. Milk Co., 61 Or. 158, 120 P. 1, 44 L. R. A. [N. S.] 757; So. Pac. Co. v. Mauldin, 19 Tex. Civ. App. 166, 46 S. W. 650; Kain v. Arizona Copper Co., 14 Ariz. 566, 133 P. 412, 37 L. R. A. [N. S.] 757; Am. Tin Plate Co. v. Guy, 25 Ind. App. 588, 58 N. E. 738; Ill. Cent. v. Gheen, 112 Ky. 695, 66 S. W. 639, 68 S. W. 1087).

The question decided in the case of Parsons v. Yolande Coal & Coke Co., supra, is not to be confused with this principle, and, while it may be true that there was a more or less ironical reference to the Sloss-Sheffield Steel & Iron Co. v. Taylor Case, supra, contained in the opinion by the learned justice writing for the Supreme Court in the Parsons Case, yet we do not apprehend and understand that this reference should be construed as in any manner an expression of a lack of approval of the principles of law enunciated in the said Taylor Case.

[2] It is insisted for appellant that the record does not show that the appellee paid $1 for the month of May, 1921, and that therefore during that month any sickness on his part was not required under the contract to be treated by a physician furnished by appellant.

The appellee contended, and introduced evidence tending to show, that the sickness suffered by him during the month of May, 1921, was a continuation of the illness beginning in September, 1920, and for which

he was treated by the physician furnished by appellant up until the latter part of April or the 1st of May, 1921. It was without dispute that the $1 for the month of April, 1921, was paid to or reserved by appellant. On this question at least one court of respectable standing has expressed itself in a case involving the same principle:

"The testimony of plaintiff was sufficient to show that the monthly deduction of wages was made with the understanding that the employee, when sick or injured, should be entitled to the hospital benefits at defendant's expense. *This would imply and mean, in the absence of an understanding to the contrary, the continuance of the benefits while the sickness or injury required same.*" (Italics ours.) Scanlon v. Galveston H. & S. A. Ry. Co. (Tex. Civ. App.) 86 S. W. 930.

We think the Texas court has stated the situation correctly, and we hold that the able charge of the learned judge before whom this case was tried in the court below, to the jury trying same, was not subject to the criticism offered by appellant's exception made the basis of its assignment of error No. 10.

[3] But, even if the above were not so, it appears without dispute that the deduction or installment due from appellee for the month of April, 1921, was paid, thereby placing him squarely within the letter of his contract up to and including April 30, 1921, and, since it conclusively appears from the way in which payments under this contract were collected from those situated as was appellee that the said payments could not have been due and payable in advance, we hold that he had until May 31, 1921, within which time to make payment of the $1 due from him for the said month of May; there being no intimation, suggestion, or contention in the evidence that he had been discharged from appellant's employment.

Appellee's able counsel have devoted considerable space in their excellent brief to a discussion of the measure of damages, all of which is interesting and instructive, but, inasmuch as this question was not argued by appellant on this appeal, we do not see that it would be proper or profitable for us to treat the subject in this opinion. Suffice it to say that it appears that the oral charge of the trial judge is not subject to criticism in this regard.

We do not see that a more detailed discussion of the assignments of error, other than those hereinabove specifically mentioned, would serve any useful purpose. Finding no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

### On Rehearing.

[4] Appellant in a very able brief filed on its application for rehearing insists very strenuously that the undisputed evidence in this case shows that the said appellant was as to the $1 per month deducted from appellee's wages a "noncompensated gratuitous trustee." To this contention we cannot agree. True, the testimony of appellant's witness Franklin, which was undenied, was to the effect that from the fund created by these $1 per month deductions from the wages of those situated as was appellee the doctor employed by the appellant was paid, and that, if there was any. left over, it went into the welfare fund, which was used by the appellant for the benefit of the employees and welfare, and that, so far as witness knew, no part of this $1 fund went to the company for the company's benefit. All of this means nothing, we think, so far as this appellee was concerned. He paid his $1 per month to the company (appellant) in consideration of its agreement to furnish to him medical attention as and when he required it. What the company did with the said dollar was no concern of his.

Appellant insists that the case of Thomas v. Tenn. Coal Iron & R. R. Co., 178 Ala. 580, 59 So. 627, is not an authority for the opinion we have handed down, but we adhere to what we have already said in this regard.

The application is overruled.