## RAVEL v. HAYMON KRUPP & CO.
### (No. 873.)

(Court of Civil Appeals of Texas. El Paso. Oct. 31, 1918.)

1. APPEAL AND ERROR ☜1091(2)—PRESUMPTIONS — ORAL PLEADINGS — INTERMEDIATE COURTS.

Where pleadings in justice court are oral, and no record made on appeal, the presumption on appeal from intermediate court is that they were consistent with the rulings of the trial court.

2. EVIDENCE ☜317(10) — HEARSAY — COUNTERFEIT MONEY.

In action for goods sold and delivered under defense of payment, where the reply alleged that the money was ·counterfeit, evidence that the collector of customs declared the money counterfeit, confiscated it and refused to return it, was inadmissible to show that the money was counterfeit.

3. APPEAL AND ERROR ☜1050(1)—PREJUDICE —ADMISSION OF EVIDENCE.

In action for goods sold and delivered under defense of payment, and reply alleging that money paid was counterfeit,· the error in admitting hearsay testimony, as to whether the money was counterfeit, was prejudicial, where no other testimony on the subject was offered.

Appeal from El Paso County Court, at Law; W. P. Brady, Judge.

Action by Haymon Krupp & Co. against Sam Ravel. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

M. W. Stanton, of El Paso, for appellant. F. C. Knollenberg and Chas. H. Veale, both of El Paso, for appellee.

HARPER, C. J. This action was brought in the justice court by Krupp & Co., against Sam Ravel, upon an account for $118.61, for merchandise sold and ,delivered.

Defendant pleaded payment in Villa money and set up written receipt, which by express terms accepts it unqualifiedly as payment of the debt. Judgment went for Ravel in justice court, was appealed to county court, .and from judgment there rendered in favor of appellee, this appeal.

---

, We glean from the record that the Villa
money was delivered by appellant at a dis-
count in payment of the bill. Appellee con-
tends that it was received conditioned upon
its being genuine money of the Pancho Villa
issue and that it proved to be counterfeit.

Appellant urges:

(1) That there were no pleadings to sup-
port the judgment under the conclusion of
law by trial court that it was counterfeit.

[1] Where pleadings are oral in justice
court, and no record made upon appeal, the
presumption is that they were consistent
with the rulings of the trial court. Railway
Co. v. Goodman, 189 S. W. 326.

(2) That there was no evidence to establish
that the money was counterfeit.

(3) That the only evidence adduced con-
cerning its being counterfeit was hearsay,
and its admission objected to for that reason.

[2, 3] These assignments must be sustained.
Substantially, the whole of the testimony
offered in proof of its being counterfeit is:
"That upon receipt of the bills they were
taken to Juarez, Mexico, to be hypothecated for
their exchange value in United States currency;
that upon presenting them the collector of cus-
toms of the port declared them counterfeit, con-
fiscated them, and refused to return them."

The admission of this testimony was prop-
erly and timely objected to, for the reason
that it was hearsay, and the objection over-
ruled by the court. This ruling was error,
for which the cause must be reversed and re-
manded, for, without this, in view of the
written receipt accepting the money as pay-
ment, there is no evidence to support the
finding that it was counterfeit.

Reversed and remanded.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes