# Phillips *v.* Gaither, *et al.*

## *Probate of Will.*

(Decided January 14, 1915. ·67 South. 1001.)

1. *Wills; Contest; Undue Influence.*—Where the issue of undue influence was raised in a will contest, a charge that the paper propounded for probate could not be found to be the result of undue influence unless the jury was satisfied by a preponderance of the evidence that it was not such a will as the testator desired to make, exacted a too high degree of proof, and was erroneous.

2. *Same; Alternate Instruction.*—The charge that the paper propounded for probate could not be found to be the result of undue influence unless the jury was satisfied that it was not such a will as the testator desired to make, and that it was procured by coercion or fraud, being in the disjunctive, signified that the conception of coercion and of fraud were substantially equivalent, and hence, the charge was not positively erroneous.

3. *Same; Validity; Undue Influence.*—Where a will is the result of a moral, social or domestic force exerted upon a party, overcoming the free action of his will, or controlling the same, and ·preventing any true expression of intent, the courts will relieve against it on the ground of undue influence, which is equivalent to coercion or fraud, and must have an effect upon the mind of the testator, equivalent to that of coercion or fraud—in short must destroy its freedom of choice and action; such coercion need not be physical duress, but may be moral only, and such fraud need not be actual, but may be constructive.

4. *Charge of Court; Misleading; Explanatory.*—Where a charge is merely misleading, and not positively erroneous, the duty is on the party against whom it is given to request explanatory instructions, else he cannot complain.

5. *Witnesses; Examination; Will Contest.*—In contests of wills a wide latitude is allowed to parties in the cross-examination of witnesses, such matter resting largely within the discretion of the trial court.

APPEAL from Jefferson Probate Court.

Heard before Hon. J. P. STILES.

Georgia D. Gaither and Arthur A. Adams, as executors named in the will of Virginia Z. Siddons, filed said will for probate, and L. W. Phillips contested same. Judgment for proponents, and contestant appeals. Reversed and remanded.

The grounds of contest were: (1) That the will was not duly executed; (2) testatrix was of unsound mind; and (3), that it was the product of undue influence of various named parties.

At the request of proponent, the following charge was given: "(11) On the question of undue influence, the court charges the jury that they cannot find that the paper propounded for probate in this cause was the result of undue influence, unless the jury is satisfied by a preponderance of the evidence that it was not such a will as Virginia Z. Siddons desired to make, and that it was procured from her by coercion or fraud."

J. M. CHILTON, W. K. TERRY, and W. T. STEWART, for appellant.

A. and F. B. LATADY, for appellee.

SAYRE, J.— (1) Our cases make the giving of charge 11, requested in writing by proponents, error; and we are unable to say, upon consideration of the entire record, that this was not prejudicial to contestant or reversible error. On the question of undue influence the charge exacted of contestant too high a degree of proof. *McBride v. Sullivan,* 155 Ala. 166, 45 South. 902; *Moore v. Heineke,* 119 Ala. 627, 24 South. 374; *Torrey v. Burney,* 113 Ala. 496, 21 South. 348; *Emerson v. Lowe Mfg. Co.,* 159 Ala. 350, 49 South. 69; *Southern Ry. Co. v Riddle,* 126 Ala. 244, 28 South. 422.

(2-4) Contestant, appellant here, complains also of the charge that it required of him proof that the will had been procured by coercion or fraud. In this particular the charge is open to criticism as an illuminating statement of the law to the jury in a case like this. In quite a number of our cases that undue influence which will suffice to set aside a will is spoken of as amounting to, or the equivalent of, coercion or fraud—that is, we take it, undue influence, to vitiate a will, must have an effect upon the testator's mind equivalent to that of coercion or fraud, must, in short, destroy its freedom of choice and action. This is the implication of the expressions used. Coercion of the sort here in question need not be physical duress, it may be moral only; the fraud need not be actual; it may be by construction of law. The disjunctive used in such expressions signifies, not an alternative between unlike things or ideas, but that the two conceptions are substantially equivalent; and, properly understood, they are substantial equivalents, for where a transaction is the result of "moral, social, or domestic force," exerted upon a party, controlling the free action of his will and preventing any true expression of intention, the courts will relieve against the transaction on the ground of undue influence, a species of fraud.—2 Pom. Eq. Jur., § 951; *Council v. Mayhew,* 172 Ala. 295, 55 South. 314. We will not say, however, that this feature of the charge, if it stood alone as the subject of appellant's complaint, would constitute reversible error. The charge is not positively erroneous in this particular; it needs perhaps some explanation, some further unfolding of the idea contained, but, if contestant apprehended prejudice on this account alone, he should have requested an explanatory instruction.

(5) We have found no other reversible error in the record. Most of the assignments of error addressed to rulings on the evidence are patently without merit. In cases of this kind a large degree of latitude must·be allowed to parties in the cross-examination of witnesses, whereas, the court below appears in a few instances to have applied the rule of relevancy rather strictly against contestant. However, that is a matter resting measurably within the discretion of the trial court, and we are not prepared to say there was any reversible error in that regard.

For the sole error pointed out the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.