# Gaither, *et al. v.* Phillips.

### Will Contest.

(Decided April 12, 1917. Rehearing denied May 17, 1917.
75 South. 295.)

1. **Wills; Contests; Instructions; Testamentary Capacity.**—On a will. contest, an instruction that the testator must have sufficient capacity to comprehend the condition of his property, his relation to the objects of his bounty, and the scope of the provisions of his will, and sufficiently active of memory to collect in his mind without prompting the particulars of the

[Gaither, et al. v. Phillips.]

business to be transacted, and hold them a sufficient length of time to perceive their obvious relations to each other, and be able to form some rational judgment with relation thereto, was not erroneous, since it was abstractly correct, and its failure to refer the question of testamentary capacity to the date of the will could have been obviated by counter instructions

2. Wills; Contest: Instructions; Undue Influence.—An instruction that the true test as to influence was to be found, not so much in the nature and extent of the influence exercised as its effect on the person making his will, was not error, notwithstanding the omission of the word "undue" before the word "influence."

3. Appeal and Error; Wills; Contests; Instructions; Harmless Error.— An instruction that the burden of proof meant only that the jury must be reasonably satisfied from the evidence should not have been given, as it asserted no legal proposition and was misleading and prejudicial, since it was bad because of the use of the word "only," and was also calculated to lead the jury to believe that the contestant would meet the burden of proof by satisfying the jury as to any fact, and pretermitted the fact that he must reasonably satisfy the jury as to the truth of the material issues.

4. Trial; Wills; Contest; Instructions; Consideration of Evidence.—An instruction that if the will made an unnatural disposition of the property, that fact "must" be taken into consideration in the determination of the issues was improper, as it required that an unnatural disposition be taken into consideration and pretermitted instructions that it might be considered with, or in connection with, all the evidence in the determination of the issues.

5. Wills; Contests; Instructions; Undue Influence.—Instructions on undue influence considered, and held not erroneous.

6. Wills; Contests; Instructions; Undue Influence.—An instruction that if the evidence showed that the will was obtained by moral coercion or by importunity which could not be resisted by testatrix, the jury must find that issue in favor of contestant was proper.

7. Trial; Instructions; Pretermitting Issues; Undue Influence.—In a proceeding to contest a will and codicil, an instruction that if testatrix was induced by improper or undue influence to execute a will different from the will she would have executed but for such influence, the verdict must be in favor of contestant was not erroneous, since the fact that it pretermitted the codicil could have been explained by the counter charge.

8. Wills; Contests; Instructions; Undue Influence.—An instruction that it was not necessary that there should be a confidential relation between all the beneficiaries and the testatrix, and that if there was such relation with one member of the family and the will was produced through his or her influence, it operated against all the family, was not erroneous.

9. Wills; Contests; Instructions; Undue Influence.—An instruction that if the jury were reasonably satisfied by the evidence that influences were brought to bear upon the testatrix undue in their nature, and that the making of the will was the result of such influence, whereby a part of the family was provided for to the exclusion of a contestant, and that such contestant was excluded by reason of such undue influence, it would be evidence which, if believed by the jury, would entitle the contestant to a verdict, was involved and misleading, and should have been refused.

10. Wills; Undue Influence; Presumptions and Burden of Proof.—The existence of confidential relations between a testatrix and the beneficiaries

[Gaither, et al. v. Phillips.]

under her will or either of them, coupled with activity on the part of the beneficiaries in and about the preparation of the will and its execution, such as the initiation of proceedings for the preparation of the will, employing or aiding in the employment of the draftsman, raises a presumption of undue influence, and casts on the beneficiaries the burden of showing to the reasonable satisfaction of the jury that the will was not induced by coercion or fraud, directly or indirectly.

11. Wills; Contests; Admissibility of Evidence.—In a will contest, evidence as to the financial condition of a beneficiary under the will at the time the will was made was properly admitted.

12. Wills; Contests; Admissibility of Evidence.—Where the contestant claimed that the testatrix had been·prejudiced or influenced against him by a beneficiary under the will, evidence as to whether the contestant had severely criticized the testatrix because of her marriage was improperly excluded, as it was competent for the proponent to show that the testatrix had formed a dislike for the contestant for other causes than the undue influence of the beneficiaries.

13. Wills; Contests; Admissibility of Evidence.—Where the contestant was permitted to show the financial worth of the beneficiary under the will and his own worth in comparison therewith, it was error to exclude evidence offered by the proponent that the contestant's wife owned certain property, but such evidence should be confined to a date corresponding with the execution of the will.

14. Wills; Contests; Admissibility of Evidence.—Where in a will contest, the contestant, a brother of the testatrix, introduced evidence·to show that he was on friendly terms with his sisters, evidence that he had talked derogatory of his two sisters should have been admitted.

15. Evidence; Documentary Evidence; Preliminary Proof.—Where in a will contest there was evidence tending to show that a note written by the contestant to the testatrix was received, and returned by the testatrix and her sister, the proponent, its admission was not error.

APPEAL from Jefferson Probate Court.

Heard before Hon. J. P. STILES.

Georgia D. Gaither and another propounded for probate the will of Virginia Z. Siddons. There was contest by Lovick W. Phillips, with judgment for contestant, and proponents appeal. Reversed and remanded.

The facts sufficiently appear in the opinion here, and on former appeal. The following charges were given for contestant:

(8) The testator must have sufficient capacity to comprehend the condition of his property, his relation to the objects of his bounty, and the scope of the provision of his will, and sufficiently active of memory to collect in his mind without prompting the particulars of the business to be transacted, and to hold them a sufficient length of time to perceive their obvious relations to each other, and to be able to form some rational judgment with relation to them.

(13) The true test as to influence is to be found, not so much in the nature and extent of the influence exercised, as in the effect that such influence has upon the person who is making his will.

(17) If you believe from the evidence that the will makes an unnatural disposition of the property, this fact must be taken into consideration in the determination of the issues here involved.

(22) Whether the free agency of the testatrix is destroyed or mastered by physical force or mental coercion by threats which occasion fear, or by importunity which the testatrix is too weak to resist, or which extorts compliance in the hope of peace is immaterial. In considering the question, therefore, it is essential to ascertain as far as practicable the power of coercion on the one hand and the liability of its influence on the other. And whenever through weakness, ignorance, dependence, or implicit reliance of one on the good faith of another, the latter obtains an ascendancy which prevents the former from exercising an unbiased judgment, undue influence exists.

(21) The burden of proof means only that the jury must be reasonably satisfied from the evidence.

(23) If the testatrix is given a false impression concerning persons who are the natural objects of her bounty, so that when she comes to make her will she acts upon founded belief, and gives or withholds her bounty in a manner entirely different from what her action would have been had it not been based on false belief or opinion deliberately instilled into her mind for the purpose of influencing her will, and if in such case the testatrix is not in position from any cause, as misrepresentation or concealment of the true facts, to judge for herself, and to deliberate or resist the influence, and the will is the result of them, it is invalid from undue influence.

(24) It is not the means employed so much as the effect produced which must be considered in determining whether undue influence has contributed to the making of the will, for though the influence exerted over the testatrix was such as if applied under ordinary circumstances or exercised over a person of ordinary power of resistance would be regarded as innocent, yet if in the particular case it resulted in a disposition of property contrary to the testatrix's desire, the influence was undue.

(25) If the evidence shows that the will was obtained by

moral coercion, or by the importunity which could not be resisted by the testatrix, you must find that issue in favor of testatrix.

(26) I charge you that if you believe from all the evidence in the case Virginia Siddons was induced by improper or undue influence to execute a will different from the will she would have executed but for such influence, then your verdict must be in favor of the contestant.

(28) It is not necessary that there should be a confidential relation between all the beneficiaries and the testatrix; if there is such relation with one of the family and the will is found to have been produced through his or her influence, it operates against all the family.

(29) If you are reasonably satisfied by the evidence in this case that influences are brought to bear upon the testatrix, and that these influences were undue in their nature, and the making of the will was the result of such influence, whereby a part of the family was provided for, to the exclusion of a contestant, and that such contestant was excluded by reason of such undue influence, it would be evidence which, if believed by the jury, would entitled the contestant to a verdict.

(30) The existence of confidential relations between the testatrix and the beneficiaries under the will, or either of them, coupled with activity on the part of the latter in and about the preparation of the will, and its execution, such as initiation of proceedings for the preparation of the will, employing or aiding in the employment of the draftsman, will raise the presumption of undue influence, and cast on such beneficiary the burden of showing to the reasonable satisfaction of the jury that such will was not induced by coercion or fraud on his part, directly or indirectly.

BEDDOW & OBERDORFER and A. & F. B. LATADY for appellants. C. C. NESMITH and C. A. AVANT for appellee.

ANDERSON, C. J.—This is the second appeal in this case. See same parties, 191 Ala. 87, 67 South. 1001. The law as to what constitutes such undue influence as to avoid a will has been so often declared by this court that a citation of some of the leading cases should suffice.—*Council v. Mayhew,* 172 Ala. 295, 55 South. 314; *Mullen v. Johnson,* 157 Ala. 272, 47 South. 584; *Coghill v. Kennedy,* 119 Ala. 641, 24 South. 459; *Eastis v. Mont-*

*gomery,* 93 Ala. .300, 9 South. 311; *Bancroft v. Otis,* .91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904. While the burden of proof was upon the contestant to establish the testamentary incapacity of the testatrix at the time of the execution of the will, and also the codicil, which was also attacked, we think that the evidence adduced was sufficient to make the question one for the jury, and there was no error in refusing the general charge requested by the proponent.

(1) There was no error in giving charge 8, requested by the contestant, as it is in the abstract a correct statement of the law. —*In re. Ellwanger* (Sur.) 114 N. Y. Supp. 727, order affirmed 136 App. Div. 9^9, 12^ N. Y. Supp. 1122; *Kramer v. Weinert,* 81 Ala. 416, 1 South. 26; *Council's Case, supra.* Of course, the testamentary incapacity must be shown at the time of the execution of the will, but the failure to hypothesize this fact in charge 8 did not render it faulty as an assertion of the general legal proposition, and the proponent could have protected herself from any misleading tendencies of the charge by counter instructions, confining the consideration of the testatrix's incapacity to the time of the execution of the will and codicil, one or both. This omission might have justified the refusal of the charge, but reversible error cannot be predicated upon the giving of same.

(2) Charge 13, given for the contestant, was in the abstract correct, and the trial court did not commit reversible error in giving same.—*Smith v. Smith,* 174 Ala. 205, 56 South. 949. Nor do we think that the addition thereto or the omission therefrom of the word "undue" would seriously affect the charge in the assertion of the proposition therein advanced.

(3) Charge 21, given for the contestant, should have been refused. It asserted no legal proposition, and is misleading and prejudicial. It is bad for the use of the word "only," and is also calculated to lead the jury to believe that the contestant would meet the burden of proof by satisfying the jury as to any fact. It pretermits the fact that in order to meet the burden of proof, the party upon whom it devolves must reasonably satisfy the jury as to the truth of the material issue or issues which the law requires him to establish.

(4) Charge 17, given for the contestant, should. have been refused. It is bad for using the word "must," instead of "may," and requires that an unnatural disposition must be taken into consideration by the jury, and pretermits the instructions that it

may be considered together with or in connection with all the · evidence in the determination of the issue involved.

(5) Charges 22, 23, and 24, given for the contestant, were sanctioned in the case of *Cogbill v. Kennedy*, 119 Ala. 646, 24 South. 459, and we do not think that the giving of same was reversible error in the case at bar.

(6) Charge 25, given for the contestant, seems to comply substantially with what was said upon the former appeal of this· case.

(7) The trial court did not commit reversible error in giving contestant's charge 26. If the will was invalid, the contestant was entitled to a verdict declaring it so, and the fact that the charge pretermitted the codicil could have been explained by a counter charge. If the charge was faulty at all, it was merely as to form, and which may have justified its refusal, but, as it could have been explained or qualified by a counter charge, we do not think that the giving of same was reversible error.

(8) There was no error in giving contestant's charge 28.

(9) Charge 29; given for contestant, is involved and misleading, and should be refused upon the next trial.

(10) Charge 30, given for the contestant, correctly asserts the law.

(11) There was no error in permitting proof as to the financial condition of Mrs. Gaither at the time the will was made.

(12) The trial court erred in not permitting the proponent to ask Dr. Phillips if he ever discussed with the testatrix her marriage with Mr. Siddons, and whether or not he criticised her severely for doing so. Of course, the time should antedate the execution of the will and codicil, but the trial court would not let him tell whether or not he ever had a conversation with her on the subject. The contestant advanced the theory that he was on good terms with his sister Mrs. Simmons, and that she had been prejudiced or influenced against him by Mrs. Gaither and her daughter, and it was competent for the proponent to show that the testatrix may have formed a dislike for him for other causes.—40 Cyc. 1161.

(13) As above stated, proof of the financial condition of those who would naturally be objects of a testator's bounty, in passing upon the justice or inequality of a will in so far as it bears upon the question of fraud or undue influence, should be received. The contestant was permitted to show the financial

worth of Mrs. Gaither and his own worth in comparison therewith, and the proponent should have been permitted to show that the wife of Dr. Phillips owned certain property as a circumstance bearing upon the question as to whether he was or was not in a necessitous condition.—40 Cyc. 1160; *Eastis v. Montgomery*, 95 Ala. 486, 11 South. 204, 36 Am. St. Rep. 227. Of course, this proof should be confined to a date corresponding with the execution of the will which is undergoing a contest.

(14) Phillips had introduced evidence for the purpose of showing that he was on friendly terms with his sisters, and the proponents should have been permitted to show that he had talked derogatory of his kinspeople; that is, the two sisters.

(15) The note written by Dr. Phillips to Mrs. Siddons, inviting her to come to see him while in Russell county, was not, of course, admissible, unless the proof showed that it had been received and read by Mrs. Siddons or Mrs. Gaither, one or both; and there was some evidence that it was carried by a boy to Mrs. Gaither's house, delivered, and returned, and as to whether or not this fact was properly proved we are not concerned, as there seems to have been no objection to this part of the evidence, and, as there was evidence tending to show that Mrs. Gaither and Mrs. Siddons had received and returned the note, the introduction of same was without error.

There is no merit in the other objections to the evidence.

The judgment of the probate court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.