(77 South. 79)

SLOSS-SHEFFIELD STEEL & IRON CO. et al. v. TAYLOR. (6 Div. 140.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. CONTRACTS ⚖=187(1), 330(3)—BENEFIT OF THIRD PERSON — EMPLOYMENT OF PHYSICIAN.

Where a steel and iron company deducts a certain sum monthly from the wages of married employés, for which it obligates itself to render medical services to them and their wives, and employs a "company doctor" to render such services for a percentage of such deductions, the contract thus made by an employé with the company and the doctor is one for his wife's benefit as well as his own, on breach of which she may sue both the company and the doctor in her own name, either for breach of contract, or for negligent failure to perform the duty arising therefrom.

2. CONTRACTS ⚖=303(1)—EXCUSE FOR FAILURE TO PERFORM CONTRACT.

An employing corporation and the "company doctor" could not refuse to perform their contract to render medical services to an employé's wife because the employé exercised his right to call in another physician, for the husband was under no duty to notify the company doctor that he would call in another physician, nor to employ only such physician as was acceptable to the professional taste of the company doctor.

3. DAMAGES ⚖=140 — PERSONAL INJURY—AMOUNT.

In action by an employé's wife against employing corporation and the "company doctor" for failure to render to her medical services under contract with her husband, verdict for plaintiff for $300 was not excessive, where the jury was authorized to find that she suffered, from an abscess, great physical pain and mental anguish for three or four days, which could probably have been prevented by the defendant doctor.

4. APPEAL AND ERROR ⚖=721(1)—JOINT ASSIGNMENT OF ERRORS.

Where errors are jointly assigned by appellants, to be available to any, injury must be shown to all.

5. APPEAL AND ERROR ⚖=1170(1) — HARMLESS ERROR.

Even if rulings were erroneous, yet, the appellate court not being satisfied that such rulings affected the substantial rights of the parties, rule 45 (175 Ala. xxi, 61 South. ix) would forbid a reversal.

Appeal from City Court of Birmingham; John C. Pugh, Judge.

Action by Ellen T. Taylor against the Sloss-Sheffield Steel & Iron Company and another. From judgment for plaintiff, defendants appeal. Affirmed.

Tillman, Bradley & Morrow and E. L. All, all of Birmingham, for appellants. Beddow & Oberdorfer, of Birmingham, for appellee.

BRICKEN, J. The appellant company and the "company doctor" were jointly sued in the court below for the alleged failure to render medical services to the plaintiff. It appears from the evidence that the Sloss-Sheffield Steel & Iron Company deducted 75 cents each month from the wages of its unmarried or single employés, and $1 each month from the wages of its married employés (appellee's husband being in that class), and in consideration of this amount the company obligated itself, in the case of a married man, to render, in case of illness, medical services to him, his wife, and family. It appears that the company deducted $1 from Mr. Taylor's wages on the 9th day of February, 1914, 90 cents of which was paid to the company doctor, and 10 cents of which was retained by the company. The "company doctor" was employed by the company to render medical services to its employés, and their wives and families, under this aforesaid agreement.

Mrs. Taylor was taken ill on the 5th day of March, 1914, and according to the evidence the company doctor was repeatedly requested on the 5th, 6th, and 7th of March, 1914, to visit Mrs. Taylor, but each time refused to do so. On the evening of the 7th, Mr. Taylor called in another physician. It also appears that the company doctor, acting on Mr. Taylor's statement of the nature of his wife's malady, furnished some medicine or carbolated vaseline and codine tablets to Mr. Taylor to be administered to his wife, stating that it was unnecessary for him (the doctor) to make a professional call. It developed that Mrs. Taylor was ill, and was suffering from an abscess, and these remedies were of practically no benefit in the treatment of this trouble. The doctor's office was about 50 yards from Mr. Taylor's residence, and he was at his office when the several requests to call upon Mrs. Taylor were made. It further appears that on the morning of the 10th some words passed between the "company doctor" and Mrs. Taylor's father in reference to his failure to call upon and treat her, and that on that day the doctor did call upon Mrs. Taylor, but she had so far recovered (the abscess having burst) as to not be in need of the services of a physician at that time.

The doctor admits that he was interviewed by Mr. Taylor several times prior to the 10th, and was informed of Mrs. Taylor's condition, as near as Mr. Taylor could describe it, but denies that he was requested to call upon her. He, however, states that Mrs. Taylor's sister—

"asked me to please call to see her sister; she was suffering considerably. I told her I would not go to B. F. Taylor's house to see her sister. If she would take her down to her house * * * I would treat her. I didn't want to have anything to do with a man that would take a case away from me and take another physician without consulting me."

This was before March 9th. It appears that the appellee suffered great mental an-

guish and physical pain from the 5th to the 7th or 8th of March, when the other physician called in by her husband first saw her and administered to her. There was a verdict and judgment against both of the defendants, and they each appeal.

In England, at common law, a person who is not a party to an agreement could have no rights under it, even though the agreement was made for the benefit of that person. Price v. Easton, 4 Barn. & Adol. 433.

[1] The American courts, at a very early day, departed from that rule, and permitted a third party to sue on an agreement wherever it appeared that the contract was made for his benefit, if the promisee was under some legal obligation to such person. Durnheer v. Rau, 135 N. Y. 219, 32 N. E. 49. See note to 25 L. R. A. 257; also Tweeddale v. Tweeddale, 116 Wis. 517, 93 N. W. 440, 61 L. R. A. 509, 96 Am. St. Rep. 1003. In the case at bar, the husband was under a legal duty to provide medical services and attention for his wife, when needed, in so far as his ability would permit; and his contract with the defendant to render such services to her was a contract for her benefit, and the breach of it gave her the right to maintain an action therefor in her own name, either for the breach of the contract, or for the negligent failure (if such there was) to perform the duty arising out of the agreement.

[2] After the defendants had entered into the agreement, it was not permissible for them to refuse to perform their part thereof, because the husband exercised his right to call in another physician. The husband was under no duty to notify the company doctor that he would call in another physician, and he was under no duty to employ only such physician as was acceptable to the professional taste of the company doctor. When the appellants entered into a valid contract to render professional services to Mrs. Taylor up to the 9th day of March, 1914, as the evidence tended to show they did, the law required them to perform their contract, and render such reasonable professional services as might be required of them up to that time, and their nonperformance could not be excused because other professional skill was obtained without their consent, unless it appeared that the additional doctor materially interfered with appellants in the discharge of their duty.

The appellants urge upon us that there can be no recovery in this case, because they say that a contract made by a husband for medical services to his wife is a contract made for the benefit of the husband, since he is under a legal duty to provide medical services for his wife in case of illness, and therefore, they say, the wife is only incidentally benefited by such contract. The fact that the husband is under such legal duty is one reason why the wife is entitled to maintain this action in her own name. The contract had for its purpose the preservation of the wife's life and health by placing at her disposal the professional skill and services of the company doctor. The benefit to her was direct and substantial. This court would find it difficult to hold otherwise, and at the same time maintain its self-respect. Our views are supported by the following authorities: North Alabama Del. Co. v. Short, 101 Ala. 333, 13 South. 385; Mason v. Hall, 30 Ala. 599; Shotwell & Co. v. Gilkey, 31 Ala. 724; Moore v. First National Bank, 139 Ala. 595, 36 South. 777; Rice v. Rice, 106 Ala. 637, 17 South. 628; Young v. Hawkins, 74 Ala. 370; Carver v. Eads, 65 Ala. 190.

[3] The verdict in this case was for $300, and the appellants complain that it was excessive. The jury was authorized to find that the appellee suffered great physical pain and mental anguish for three or four days, which could have probably been prevented had the appellant doctor not transgressed the primary laws of humanity. While punitive damages were not claimed in the case, we are by no means prepared to say that this small sum is excessive for the pain the jury was authorized to find that the plaintiff probably suffered during the period of time the defendants failed to discharge their contractual obligations.

[4] The record shows that the defendant (which one we do not know) excepted to certain parts of the court's oral charge, and that the defendant requested certain charges in writing, which were refused. The motion for a new trial was also made by the defendant. The appellants (defendants) jointly assign errors, which they say "intervened to their prejudice." When errors are jointly assigned, to be available to any, injury must be shown to all. Lehman v. Gunn, 154 Ala. 369, 45 South. 620; Cleveland v. Alba, 155 Ala. 468, 46 South. 757.

[5] While the remaining assignments of error have not been discussed separately, they have each been considered, and if it be conceded that any of those rulings were erroneous, rule 45 (61 South. ix [1]) would forbid a reversal, as we are not satisfied that such rulings affected the substantial rights of the parties. However, it appears that the rulings of the trial court were in harmony with the views herein expressed, and its judgment is affirmed.

Affirmed.