(93 South. 526)

**HARRIS v. WHITTINGTON et al.**

**MILLER et al. v. SOVEREIGN CAMP, W. O. W.**

(4 Div. 934.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied May 18, 1922.)

**1. Insurance ⚖️783 — Naming of beneficiary did not confer vested interest precluding member from making change.**

Beneficiary named in benefit certificate did not have a vested right precluding the member from changing the beneficiary; the naming of the beneficiary conferring merely an expectancy.

**2. Insurance ⚖️784(7) — Provision of benefit certificate as to change of beneficiary may be waived by society.**

Provision of benefit certificate requiring change of beneficiary by indorsement on original benefit certificate to be witnessed by a clerk of the benefit society, being for the protection of the society, may be waived by it, and, if so waived, a former beneficiary cannot avail himself of noncompliance therewith.

**3. Insurance ⚖️780—Member of benefit society could change beneficiary though right to so do is not expressed in policy.**

Member of benefit society could change the beneficiary though the right to so do was not expressly reserved in the face of the policy, notwithstanding Code 1907, § 4579, relating to contracts of insurance of "life" and "other insurance company," such statute not being applicable to benefit certificate of benefit society.

**4. Courts ⚖️104—Supreme Court will not discuss evidence at length in opinion in determining question of fact.**

Under Acts 1915, p. 594, the Supreme Court in determining an issue of fact will not discuss the evidence where the evidence is voluminous and a discussion would extend the opinion to undue length.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by Georgia Harris against Olin Whittington and others, and bill of interpleader by the Sovereign Camp of the Woodmen of the World against Olin Whittington, Savannah Miller, and others. From a decree denying relief, the complainant in the first described suit appeals, and from a decree in favor of defendant Whittington in the second described suit, the defendant Savannah Miller and others appeal, the two cases be-

ing argued and submitted as one. Both decrees affirmed.

Farmer, Merrill & Farmer, of Dothan, and A. H. Merrill & Son, of Eufaula, for appellants.

The law presumes undue influence, when confidential relation exists, and there is activity on part of beneficiary. 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; 88 Ala. 462, 7 South. 250; 131 Ala. 606, 31 South. 94; 157 Ala. 262, 47 South. 584; 197 Ala. 239, 72 South. 500.

George W. Peach, of Clayton, and Jones & Thomas, of Montgomery, for appellees.

The burden of proving undue influence rests on him who asserts it. 33 Ala. 611; 32 Ala. 512.

GARDNER, J. These two cases were argued and submitted as one; the evidence upon the issues presented in each being identical. The first of the above-stated causes arose out of a bill filed by Mrs. Georgia Harris, a sister and one of the heirs of T. M. Whittington, deceased, for the purpose of contesting in the circuit court, in equity, the purported last will and testament of the said Whittington under the provisions of section 6207 of the Code. It appears from the pleadings and proof that the will of said T. M. Whittington, deceased, was, prior to the filing of this bill, contested in the probate court of Barbour county, Ala., as provided by section 6196 of the Code. The verdict went against the contestants, and the cause was appealed to this court and reversed. Miller v. Whittington, 202 Ala. 406, 80 South. 499. Upon the second trial in the probate court the issues of fact were again decided against the contestants, and a second time appealed to this court, where the decree of the probate court was affirmed. Miller v. Whittington, 204 Ala. 207, 85 South. 394.

The will was contested upon two grounds: The first that the testator was of unsound mind at the time of the execution of the will, and therefore did not possess testamentary capacity; the second, that the execution of the will was procured through the exercise of undue influence over the testator on the part of defendants Olin Whittington, his wife, and his children, all of whom were beneficiaries under the will.

The appellant (Georgia Harris) was originally a party to said contest in the probate court, but before proceeding to the trial thereof the proceedings were amended by eliminating her as a party thereto, and after the affirmance of the decree of said court upon the last appeal she filed this bill, contesting the will upon the same grounds as set up in the contest in the probate court. The cause was submitted to the court below

pursuant to the written agreement of counsel for the respective parties for final decree, upon the same evidence as that upon which the contest was tried in the probate court. The trial court reached the conclusion that the testator was neither insane nor moved by undue influence in the execution of the will, and complainant prosecutes this appeal to review such decree.

The second of the above-stated causes (Savannah Miller et al. v. Whittington) arose out of a bill of interpleader filed by the Sovereign Camp, W. O. W., against Olin Whittington, as claimant, on one side, and Savannah Miller and others as joint claimants on the other side, of the proceeds of a life insurance benefit certificate for $1,500 that had been issued by said Sovereign Camp, W. O. W., on the life of T. M. Whittington, deceased, whose will was contested in the case just mentioned. This insurance was first made payable to the mother of said T. M. Whittington. She died, however, before the death of said T. M. Whittington, and at the same time as the execution of the will, in the presence of the same parties, T. M. Whittington executed a printed indorsement on the back of the benefit certificate wherein the insurer was directed to change the name of the beneficiary from that of his mother to Olin Whittington. The effect of such change of beneficiary to Olin Whittington was sought to be avoided by the heirs of T. M. Whittington, deceased, upon the ground of his insanity at the time of its execution, and upon the further ground of undue influence exercised over him by said Olin Whittington, together with three other grounds presenting questions of law which will be presently noted.

The will was drawn by Judge Grubbs, then probate judge of Barbour county, and witnessed by a Mr. Cox, at that time clerk of the circuit court. The execution as to the change of the name of the beneficiary occurred at the same time, by and in the presence of the same parties, and the evidence applicable to the execution of the will was equally applicable to the change of beneficiary in the policy, and for that reason the two cases have been submitted as one; the evidence in the one case being a copy of that in the other.

[1] In addition to the issues of fact above noted as to the change of beneficiary, the heirs of said T. M. Whittington sought to avoid this change upon three grounds:

First, upon the theory that the first beneficiary, the mother of said T. M. Whittington, had a vested interest in the benefit certificate, and that therefore said Whittington had no legal right to make the change. This insurance was in a fraternal benefit society, and the naming of the mother as beneficiary in the certificate in the instant case did not confer a vested right, but an expectancy merely. The insured therefore had a right to make the change. Slaughter v. Grand Lodge, 192 Ala. 301, 68 South. 367; Supreme Council, etc., v. Behrend, 247 U. S. 394, 38 Sup. Ct. 522, 62 L. Ed. 1182, 4 A. L. R. 966.

[2] The second ground was that the change of the beneficiary by signing the indorsement on the original benefit certificate was not witnessed by any clerk of the camp of the Woodmen of the World. Such a provision, however, is clearly for the protection of the association, and may be waived by it, and, if so waived, cannot be availed of by a former beneficiary. Supreme Council, etc., v. Behrend, supra.

[3] The third ground was that the right to change the name of the beneficiary was not expressed in the face of the policy, and was therefore ineffectual on account of section 4579 of the Code. In Supreme Ruler v. Darwin, 201 Ala. 687, 79 South. 259, it was held that a fraternal benefit society, such as that here involved, did not belong to the class dealt with in this section.

There is left, therefore, upon this appeal only the determination of two issues of fact; that is, whether or not T. M. Whittington, at the time of the execution of the will and the change of the beneficiary, was of sound mind, and, if so, whether or not such execution on his part was the result of undue influence exercised by Olin Whittington or members of his family. We are persuaded, after a careful examination of this evidence, that the question of mental capacity of T. M. Whittington does not admit of serious controversy, as we are of the opinion that the overwhelming weight of the testimony is to the effect that he was at this time of sound mind. The question of undue influence is one not free from difficulty. We have reviewed the case in the light of the rule as to undue influence recognized in our recent decisions as disclosed by the opinion upon the first appeal from the probate court in the contest of this identical will (Miller v. Whittington, 202 Ala. 406, 80 South. 499), wherein charges B and N, given for the proponents, were condemned, and the language of Council v. Mayhew, 172 Ala. 295, 55 South. 314, and Phillips v. Gaither, 191 Ala. 87, 67 South. 1001, was upon this question approved. The cause has been studied also in the light of the evidence tending to show confidential relation, and the rule governing such situation where activity on the part of a donee is disclosed. Mullen v. Johnson, 157 Ala. 262, 47 South. 584; Keeble v. Underwood, 193 Ala. 582, 69 South. 473.

[4] The evidence has also been considered as to whether or not the activity of Olin Whittington as to the preparation and execution of the will was but the result of a compliance with the free and voluntary instructions and request of the testator. The evidence in the case is very voluminous, and

to enter into a discussion of it here would serve no useful purpose, for such has not been the policy of this court since the passage of the act of 1915 (page 594). Underwood v. Underwood, 200 Ala. 690, 77 South. 233; Pilcher v. Surles, 202 Ala. 643, 81 South. 585.

In the instant case a discussion of the evidence in detail would extend this opinion to undue length. It is conflicting in many material respects. We have considered it from every angle, fully mindful of the responsibility resting upon us, and the importance of the decision to the parties. It must suffice to say that, after a painstaking study of this record, we are persuaded that a correct conclusion has been reached, and we therefore affirm the decree of the court below.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.