8 So.2d 816

**ADKINSON v. NEAROR.**

3 Div. 370.

Supreme Court of Alabama.

May 28, 1942.

Rehearing Denied June 30, 1942.

134

Murphy & Cook, of Andalusia, for appellant.

Travis L. Hagood, Jr., of Brewton, and Robt. H. Jones, of Evergreen, for appellee.

THOMAS, Justice.

The bill in equity sought cancellation of a certificate by complainant Charlotte Adkinson, the widow of Berry Adkinson, designating Lena Nearor, the respondent, as beneficiary under a policy of mutual benefit insurance with the Most Worshipful Grand Lodge A.F. & A.M. of the State of Alabama. Relief was denied by the trial court and complainant appeals.

In its amended form the bill of complaint stated that said respondent was not the daughter of insured and therefore not eligible as a beneficiary under the terms of the by-laws of the insurance company. It is further averred in the alternative that if respondent was the daughter of said Adkinson, she was an illegitimate daughter and, therefore, not a child within the meaning of the laws of said insurance company.

Respondent did not claim to be the legitimate child but admitted her illegitimacy, and asserts that she is the child of said Berry Adkinson.

The pertinent by-laws in question are set out in the transcript and among other things provide in Chapter 11, § 17(3), that: "The payment of benefits shall be confined to wife; child; * * * child by legal adoption or children who by common knowledge are regarded as children or adopted children in the community where the member lived * * *."

By Section 4 of the same Chapter of the by-laws, it is stipulated that: "Where upon the death of a member it appears that he has failed to make any designation: or that the beneficiaries are dead; or if the designation shall fail for illegality or otherwise, then the benefit shall be paid to the person or persons in the following classification and in the order of precedence as herein set forth: (a) To the member's wife and minor children (if there are any), (b) To the member's wife."

Complainant rests her claim to the fund on the fact that she was the wife of the insured and that the attempted designation of an illegitimate daughter in the benefit

certificate was illegal because said daughter was ineligible.

■ The testimony was given ore tenus before a commissioner and not before the judge rendering the decree. Hence the presumptions that support a decree do not obtain. Hodge v. Joy, 207 Ala. 198, 92 So. 171. Many witnesses pro and con were examined as to the sanity of the assured when he signed the certificate as to benefit. The rule as to sanity or mental incapacity of a grantor at the time of the transaction challenged has been recently stated in McKinney v. Weatherford, 242 Ala. 493, 7 So.2d 259.

The testimony being "evenly balanced numerically" appellant says in brief that it is not insisted that the court erred in this respect.

It is further conceded by appellant's counsel that "no question of fraud or insanity or illegality in the filing of the certificate is being urged by this appellant." This is a reasonable concession on this question under the evidence before us.

■ The sole inquiry for this court is whether the husband of complainant had authority to designate an illegitimate child as his beneficiary in the mutual insurance certificate in question, in view of the foregoing limitations finding expression in Chapter 11, § 17, sub-sections 3 and 4 of the by-laws of the association. Otherwise stated, was the assured limited in his designating authority to name only legitimate children, and if so limited under the foregoing rule we have set out from the policy entitling complainant as his wife to the insurance, does she have the right to cancel the certificate as to the person named?

It is provided by Code of 1940, T. 28, § 173 that: "Any person may be admitted to beneficial, or general, or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society; provided, that no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable in conformity with the provisions of the contract of membership, and the *member shall have full right to change his beneficiary,* or beneficiaries, *in accordance with the laws, rules, and regulations of the society.*" [Italics supplied.] This is a recodification of Section 8445, Michie's Code of 1928.

This court in Slaughter v. Grand Lodge et al., 192 Ala. 301, 68 So. 367, 368, held:

"* * * It has been written into generally accepted rule that, as respects beneficiaries under ordinary policies of life insurance and beneficiaries under policies or certificates of life insurance issued to members of fraternal benefit societies or associations, important differences exist, notwithstanding outward appearances indicate little, if any, dissimilarity. * * *

"In the absence of restrictions laid upon the right of one insured in such societies—by statute, by charter or by-law provision of the society or association, or in the contract of insurance—to change the beneficiary named in the certificate or policy, the insured has the right to do so without the consent of the then named beneficiary. Authorities supra; 29 Cyc. pp. 125 et seq. Unless there is controlling provision of law, of rule, or of contract to the contrary, the beneficiary named in such policies or certificates has no vested interest therein or thereunder until the happening of the contingency on which the insurance is payable. Hoeft v. K. of H., 113 Cal. 91, 45 P. 185, 33 L.R.A. 174; 4 Cooley's Briefs on Insur., pp. 3756 et seq.; authorities, supra. * * *

"There being nothing set forth in the bill or the policy therein described wherefrom it could be even inferred that one without an insurable interest in the life of Phillip Slaughter could not be made a beneficiary in this policy, it must be ruled, in accordance with the weight of authority, that the naming of Tempie Jackson as a beneficiary was not an attempt to do that which could not be validly done. 29 Cyc. pp. 115–117."

The by-laws, rules and regulations that were in evidence in the above quoted case are in agreement with the statute above indicated and contain the stipulation of the insurance policy, "or children who by common knowledge are regarded as children or adopted children in the community where the member lived." Miller v. Sovereign Camp W. O. W., 207 Ala. 551, 93 So. 526; Royal Neighbors of America v. Fortenberry, 214 Ala. 387, 107 So. 846.

It is further declared in Slaughter v. Grand Lodge et al., supra, that: "In the absence of some controlling provision of law or of the contract to the contrary, a

136

beneficiary named in the certificate of insurance has no vested interest therein until the happening of the contingency on which the insurance is payable, but has an expectancy only, although he may invoke judicial action to ascertain the want of mental capacity in the insured to change the beneficiary, and thus question the power of the insured to agree with the association as to who shall receive the proceeds."

See McRee v. Russell et al., 239 Ala. 343, 194 So. 827.

It is without doubt that the complainant has a standing in a court of equity to question the eligibility of Lena Nearor to the fund in question in view of the fact that the by-laws of the order provide that payment is to be made to the wife in case an ineligible beneficiary is named by the member. 45 Corpus Juris, p. 169, § 135.

It results from the foregoing that the former beneficiary named in the certificate, having no vested right therein, and the party last named, respondent here, being within the class of insurable interest under the by-laws of the association, the decree of the circuit court in equity is without error and it is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.