## WARREN v. MURPHY.

1. GARNISHMENT—EVIDENCE—JUDGMENT AGAINST PRINCIPAL DEFENDANT OBVIATES PROOF OF REASONABLENESS OF CHARGES.

   Judgment rendered against principal defendant in action for medical services obviated further proof of reasonableness of charges in garnishment proceeding.

2. SAME—LIABILITY OF GARNISHEE DEFENDANT.

   Where garnishee defendant was under obligation to furnish medical care and attention to principal defendant, an aged woman, knew that plaintiff was rendering such services, and told him that she must be cared for, he is liable therefor, although principal defendant, who was in a comatose condition when plaintiff was called in, had not specially requested garnishee defendant to furnish medical care.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 21, 1932. (Docket No. 26, Calendar No. 36,179.) Decided June 6, 1932.

Garnishment proceedings in common pleas court by John W. Warren against Sarah M. Doherty, principal defendant, and Patrick J. Murphy, garnishee defendant, for professional services. Judgment for plaintiff. Garnishee defendant appealed to circuit court. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Oxtoby, Robison & Hull* (*Leo I. Franklin,* of counsel), for plaintiff.

*Frank C. Golden* and *Donald A. Wallace,* for garnishee defendant.

BUTZEL, J. Sarah Doherty, over 75 years of age, was a sister of Anna T. Murphy, now deceased, formerly the wife of Patrick J. Murphy, an attorney, who is the defendant and appellant herein. In a suit brought by Mrs. Doherty against the estate of Anna T. Murphy in which she claimed an interest, the decree provided that the estate pay to her an amount certain and in addition thereto, $100 per month during her lifetime; that the payment thereof be secured by a surety bond to be executed by Patrick J. Murphy, both as administrator and in his individual capacity.

Murphy and Mrs. Doherty had also entered into a contract prepared by Murphy and known as Exhibit "A" wherein Mrs. Doherty agreed to make him the beneficiary in a policy of insurance in a benevolent association, in which she was insured. He agreed that:

"In the event of the illness of the said Sarah M. Doherty the said Patrick J. Murphy agrees to furnish the said Sarah M. Doherty with appropriate medical care and attention."

In the instant case, Patrick J. Murphy has appealed from a judgment rendered against him in garnishment proceedings ancillary to a principal suit against Mrs. Doherty in which a judgment of $500 was rendered against her.

The testimony shows that Mrs. Doherty was in great need of medical care and attention, and that John W. Warren, plaintiff, furnished it to her; that Murphy not only knew plaintiff was attending Mrs. Doherty, but told him that she "must be cared for." Plaintiff attempted to show the reasonable value of the services rendered. Defendant objected, stating that the issue was solely one of garnishment, and the court ruled that the judgment of $500 rendered in a suit brought to recover for the services obviated further proof in regard to the reasonableness of the charges. Although Murphy first disclosed an indebtedness to Mrs. Doherty, he subsequently amended his disclosure to show nothing was due her. A judgment was rendered against him, both in the common pleas court and on appeal to the circuit court for Wayne county.

Murphy claims that the court erred in finding him individually liable. He contends that if he was indebted to Mrs. Doherty at the time the garnishment proceedings were instituted, it was solely as administrator of the estate of Anna T. Murphy, and that an administrator cannot be garnisheed prior to the closing of the estate. We believe, however, that Murphy's liability is established by Exhibit "A." He unconditionally agreed to furnish medical care and attention to Mrs. Doherty. He knew that

the services were being rendered by plaintiff and told him that Mrs. Doherty must be cared for. Defendant admits that he did not furnish Mrs. Doherty with appropriate medical care and attention, but claims that he was never asked to do so. The testimony shows that Mrs. Doherty was in a comatose condition when plaintiff was called in, and that she required medical care and attention. Under the circumstances, the fact that Murphy was not specially requested by Mrs. Doherty to furnish the medical services does not release him from his indebtedness to her for the cost of such services. See *Jackson* v. *Pacific Coast Condensed Milk Co.*, 61 Ore. 158 (120 Pac. 1); *Crites* v. *Willamette Valley Lumber Co.*, 87 Ore. 10 (169 Pac. 339, Ann. Cas. 1918D, 1050).

Judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.